VINCENT DANIEL, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued March 19, 1900—Decided June 18, 1900.

1. In an action for damages against a corporation operating a street railway for the refusal of one its conductors to accept a passenger carrying in his arms a live goat, it is error to submit to the jury the reasonableness of a regulation of the company forbidding the carrying of live animals in the cars. The reasonableness of such a regulation is for the trial court.
2. The cases of *State* v. *Overton,* 4 *Zab.* 435; *Morris and Essex Railroad Co.* v. *Ayres,* 5 *Dutcher* 393, and *Compton* v. *Van Volkenburgh,* 5 *Vroom* 134, disapproved.

This cause was tried at the October Term, 1899, of the Union Circuit, before Hon. B. A. Vail, county judge, sitting as a Circuit judge, and a jury, and a verdict rendered for the plaintiff below.

For the plaintiff in error, *Frank Bergen.*

For the defendant in error, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff, carrying in his arms in plain view a small goat, got on one of the cars of the defendant and paid his fare; later he paid a second fare and received from the conductor a token that entitled him to be transferred to another car of the defendant company. At the proper junction he presented this token to the conductor on the transfer car who refused to allow him to board the car with the goat. This was the plaintiff's case. A regulation of the defendant corporation forbidding the carrying of animals in its cars was proved, and the case went to the jury. The jury were told by the trial court that if the regulation in question was an unreasonable one, the defendant would be liable in damages for enforcing it, and that if it was a reasonable one

the defendant, before enforcing it, must call the attention of the passenger to it, which was not done in this case. In effect this directed a verdict for the plaintiff, without regard to the finding of the jury upon the only question submitted to it, viz., whether the regulation of the defendant allowing no animals to be carried in their cars was a reasonable one.

Inasmuch as the court is unanimously of the opinion that it was error to submit this question to the jury, the judgment will be reversed for that error without reference to the assignment touching the necessity of giving notice of a reasonable regulation before enforcing it.

The unanimity with which this result is reached does not, however, extend to the line of reasoning pursued in reaching it. Hence, no general rule upon the question of the relative functions of court and jury with respect to the reasonableness of corporate regulations can be laid down at this time. A majority of the court, however, are of opinion that the defendant company might lawfully adopt some regulation with respect to the carrying of animals on its cars, and that the reasonableness of such a rule would be a question for the trial court and not for the jury. Whether, as a class, questions as to the reasonableness of corporate regulations are for the jury, to be taken from it only when deemed to be free from doubt; or whether they are primarily court questions, to be left to juries only when some other standard than that of reasonableness enters into the test of corporate duty, is a point upon which the majority is not agreed *inter sese.*

It suffices for the decision of the present case to say that in either of these views it was error to leave to the jury the reasonableness of this regulation. It should have been decided by the court.

To this extent the cases of *State* v. *Overton,* 4 *Zab.* 435 ; *Morris and Essex Railroad Co.* v. *Ayres,* 5 *Dutcher* 393 ; *Compton* v. *Van Volkenburgh,* 5 *Vroom* 134, are disapproved ; although the learned judge who tried the case did right to follow these Supreme Court decisions for the reasons given by Chief Justice Beasley in the Compton case.

It is thought best to say that the question of the corporate authority of the defendant to carry animals on its cars is not involved in the decision of this case.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 14.