## LOUIS C. WALKER v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Argued November 8, 1906—Decided November 11, 1907.

The question whether a regulation adopted by a corporation for the government of its employes is invalid for unreasonableness is a question for the court, and not one to be submitted to the jury.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice GARRISON.

For the rule, *McCarter & English.*

*Contra, Riker & Riker.*

The opinion of the court was delivered by

GARRISON, J.   In an action brought against a corporation by one of its employes for damages for his unlawful discharge the main ground of defence was that the plaintiff had willfully refused to obey a regulation adopted by the defendant for the government of its agents.  The existence of the regulation was proved, and the refusal of the plaintiff to obey it was at least a question for the jury.  In submitting the case to the jury the trial court left it to them to say whether the regulation in question was a reasonable one, instructing them that if they thought "it was an unreasonable one, not necessary, not even apparently beneficial to the company," then the plaintiff's "refusal to submit to it was a refusal within his legal rights."

We think that this was error.  The question whether the regulation was void for unreasonableness should have been decided by the court.   *Daniel v. North Jersey Street Railway Co.,* 35 *Vroom* 603; 10 *Cyc.* 358; 5 *Encycl. L.* 99.

In the present case the jury should have been instructed that the regulation was not void for unreasonableness, and

that the willful disobedience of it by the plaintiff, if proved, justified the defendant in terminating his contract of agency.

The defendant is entitled to a *venire de novo*, to which end the rule to show cause will be made absolute.